## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DONNA STEVENSON,** | Case No. 1:11-cv-01354-JG |
| Plaintiff, on her own behalf and on behalf of the class defined herein, | Honorable James S. Gwin |
| v. | **AMENDED CLASS ACTION COMPLAINT** |
| **WESTERN & SOUTHERN MUTUAL HOLDING COMPANY, et al.,** | Action for Mandatory Injunctive Relief, Declaratory Judgment, Damages, and Class Certification |
| Defendants. | (Jury Demand Endorsed Hereon) |
| | Dennis E. Murray, Sr. (0008783) |
| | John T. Murray (0008793) |
| | Dennis E. Murray, Jr. (0038509) |
| | Margaret M. Murray (0066633) |
| | Leslie O. Murray (0081496) |
| | Florence J. Murray (0080292) |
| | Donna A. Evans (0072306) |
| | Amanda L. Aquino (0084902) |
| | MURRAY & MURRAY CO., L.P.A. |
| | 111 E. Shoreline Drive |
| | Sandusky, Ohio  44870 |
| | Telephone:  (419) 624-3000 |
| | Facsimile:    (419) 624-0707 |
| | Email: dms@murrayandmurray.com |
| | jotm@murrayandmurray.com |
| | dmj@murrayandmurray.com |
| | mmm@murrayandmurray.com |
| | lom@murrayandmurray.com |
| | fjm@murrayandmurray.com |

dae@murrayandmurray.com
amanda.aquino@murrayandmurray.com

J.M. Kelley III (0061990)
Arthur M. Elk (0031222)
David J. Elk (0000789)
Peter D. Traska (0079036)
ELK & ELK Co., Ltd.
6105 Parkland Blvd.
Mayfield Heights, Ohio 44124
Telephone: (440) 442-6677
Facsimile: (877) 355-1355
Email: jkelley@elkandelk.com
aelk@elkandelk.com
delk@elkandelk.com
ptraska@elkandelk.com

Hunter J. Shkolnik (NY Bar No. 2031458)
Admitted Pro Hac Vice
Napoli Bern Ripka Shkolnik LLP
350 5th Avenue, Suite 7413
New York, New York 10118
Telephone: (212) 267-3700
Facsimile: (212) 587-0031
Email: hunter@NapoliBern.com

Attorneys for Plaintiff

Plaintiff Donna Stevenson, through her undersigned counsel, commences this action against Defendants Western & Southern Mutual Holding Company and The Western and Southern Life Insurance Company on her own behalf and on behalf of her class defined hereinafter.

## PARTIES

1. Plaintiff Donna Stevenson, (hereinafter "Insured," "Plaintiff," or "Class Representative") is a natural person residing in Highland Heights, Cuyahoga County, Ohio.

2. Defendant Western & Southern Mutual Holding Company ("Western & Southern Mutual" or "Mutual") is an Ohio corporation domiciled in Ohio and with its principal place of

business in Cincinnati, Ohio.  Western & Southern Mutual is an Ohio holding company whose principal assets are its wholly owned subsidiaries, including The Western and Southern Life Insurance Company ("Western and Southern").

3. Defendant Mutual, through acts of numerous wholly owned subsidiaries and its own acts, is a company organized as a mutual, directly and/or indirectly owned by its policyholders, including Plaintiff and the members of her Class.

4. Mutual is engaged in the business of selling life insurance products.  The principal purpose of Defendant Mutual is to conduct, oversee and direct the business of insurance including the sale of life insurance through wholly owned subsidiaries.

5. Defendant The Western and Southern Life Insurance Company ("Western and Southern" or "Life") is an Ohio corporation domiciled in Ohio and with its principal place of business in Cincinnati, Ohio.

6. Life is, and, at all pertinent times hereto, has been, engaged in the business of selling life insurance contracts, collecting premiums and, as required, paying death benefits upon the death of its insureds.  Defendant Life regularly conducts business in the State of Ohio and throughout the United States of America by selling life insurance policies.

7. Defendant Mutual in combination with Life is and they are, sometimes hereinafter collectively referred to as, Defendants.

## JURISDICTION AND VENUE

8. This action was filed in the Court of Common Pleas of Cuyahoga County, Ohio, pursuant to Rule 3(B)(3) of the Ohio Rules of Civil Procedure because the contract of insurance giving rise to this cause of action was entered into in Cuyahoga County, Ohio.  This action was

removed to the federal district court for the Northern District of Ohio, Eastern Division, by Notice of Removal dated July 1, 2011.

9. Pursuant to 28 U.S.C. 1447(c), Plaintiff moved that this matter be remanded to the Cuyahoga County Court of Common Pleas, Ohio. Accordingly, venue is proper in this Court in that Cuyahoga County, Ohio is the county in which Plaintiff resides and in which the contract of life insurance was entered. Jurisdiction of this action is proper in Cuyahoga County Court of Common Pleas, Ohio.

10. Plaintiff was permitted a prescribed time within which to amend this pleading without leave of Court. Plaintiff does not waive her rights under 28 U.S.C.1447(c) to have this action remanded. The issue of whether this Court has jurisdiction over this claim is fully briefed and decisional by this Court.

## FACTUAL AND SUBSTANTIVE ALLEGATIONS

11. Policyholders in an insurance company, especially those in mutual companies, such as Defendants, have an associated and mutual relationship with each other and with the mutual insurance company and are therefore interested in the obligations and benefits of such companies as they relate to all policyholders. *New York Life Ins. Co. v. Statham*, 93 U.S. 24, 23 L. Ed. 789 (1876). As such, and for the other reasons herein set forth, Plaintiff has standing to bring all of her causes of action, individually and as set forth hereinafter, on behalf of the Class Members.

12. Plaintiff is and, at all times pertinent hereto, has been insured through a life insurance contract with Life, entered into on or about December 21, 1948. Plaintiff's life insurance policy was attached to the Complaint and is made a part hereof by reference.

13. Plaintiff is now 80 years of age. According to the actuary and mortality tables

most applicable to her, the probability of Plaintiff and the members of her Class, being deceased as of the filing of this complaint is greater than 70%.

14. Plaintiff's age would indicate that the actuarial probability of her mortality is at least 74%, based upon those standardized tables and the normal and usual professional calculations of Defendants.

15. Like Plaintiff, the members of her Class are of the age that actuarially concludes that there is at least a 70% probability of death.

16. While Plaintiff is alive, nevertheless, upon information and belief because of the errors and omissions of Defendants, as hereinafter described, many of her Class Members are deceased, and as to such deceased members policy proceeds are owing, which as a result of their deaths, remain unpaid.

17. Upon information and belief, Defendants have failed to make reasonable and necessary attempts to determine the actual facts of death and accordingly improperly hold death benefit proceeds for those beneficiaries and payees of the Class Members who are rightfully entitled to those funds.

18. There exists a database created by the United States Department of Commerce utilizing data from the Social Security Administration entitled the "Death Master File" ("DMF") which would, if inquired of, definitively determine when members of the Class are alive or are deceased. Upon information and belief, other reliable databases exist and together with the DMF are used by Defendants and other insurers to ensure, among other objectives, that their annuity recipients do not receive payments after death.

19. The members of the Class are of such age and gender that there is at least a 70% probability that they are deceased according to the Life Tables produced in Actuarial Study 120

prepared in 2005 for the Social Security Administration. Plaintiff requests that this Court take judicial notice of this public study and data available on the federal government's internet site.

20. Based upon data provided by the National Institutes of Health, the members of the class are of such age that there is also a greater than 13% probability that they have developed dementia of some form.

21. Upon death and/or upon the instances of dementia, Class Members themselves become incapable of conveying the fact of death or often even of impending death, to Defendants.

22. Defendants, as insurers, are legally authorized by the State of Ohio to conduct their business of life insurance, as to which they engage in throughout the United States, and they have the duty to act in good faith and to conduct their business in a manner that constitutes, at all times, fair dealing, with respect to all aspects of their insurance contracts, including determining when the insurance proceeds become owing to Plaintiff and the members of her Class, on a frequency of no less than annually.

23. Because the relationship between the Class and Defendants is a contract of insurance, it is a relationship that creates the further positive legal duties to exercise good faith and to engage in fair dealings, as imposed by Ohio law. *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983).

24. Defendants have and have had, during the applicable limitations period, the duty to determine, on at least an annual basis, for the benefit of Plaintiff and her Class Members whether they actually owe death benefit payments, without need for proof of claim, whenever there exists, or has in the past, existed, a greater than 70% probability of death with respect to

their existing policyholders and/or their beneficiaries and payees of life insurance contracts, or such *lesser probability* of death, as the Court should order.

25. Plaintiff as an insured may bring the within causes of action as to the duties and the breaches of those duties of contract, of good faith and the duty of fair dealings, because of her life insurance contractual relationship with Defendants, in that Defendants have failed and continue to fail to act in good faith and/or fail to engage in fair dealings, in the performance of their duties to investigate the fact of death and to also pay the proceeds of the insurance contracts upon the death of many Class Members, even in the absence of a submission of proof of death.

26. Plaintiff personally has suffered threatened injury due to the alleged illegal conduct of Defendants; this injury is traceable to the practices of Defendants; and there is a substantial likelihood that the relief requested by Plaintiff will redress or prevent her injury. If Defendants do not change their practices, Plaintiff will imminently sustain an injury in fact, to wit: at the time of her death, Defendants will take no reasonable and ordinary steps to determine whether a claim is due and payable.

27. Defendants as insurers are liable for their breaches of the insurance contracts and for their breaches of the duties of good faith and fair dealings arising from the insured/insurer relationship.

28. The duties of good faith and of fair dealings overlay and attach to all contracts between Defendants and Plaintiff and her Class Members and those duties operate so as to ensure that the performance of their life insurance contracts fulfill the reasonable expectations of Plaintiff and her Class Members. It is reasonable to expect that Defendants will pay policy proceeds when policyholders are deceased and such fact may be reasonably determined.

29. The insured Plaintiff and her Class Members have the right to have the benefits of the policy paid, whenever and however death of the insured occurs, whenever Defendants, with reasonable effort, could ascertain that its insureds are, in fact, deceased.

30. Plaintiff, and the members of her Class, as insureds and as parties to the contracts of insurance, and because of the concurrent duties of Defendants to act in good faith and to conduct themselves so that all such dealings with Plaintiff and the Class Members are, and have been, during the Class Period, as hereinafter defined, fair, must be able to and may rely upon Defendants to fulfill the obligations of the insurance policies with respect to all Class Members who are deceased by paying whatever is and/or has been owing, and to determine, on a frequency of no less than annually, those members of her Class who are deceased.

31. Life insurance companies, including Defendants, are required to maintain reserves for amounts necessary to meet all actuarially calculated claims for life insurance, as the policies mature, and to do so according to generally accepted actuarial and assumed mortality standards. Actuaries are responsible for calculating the amount of reserves necessary to provide for future payments on the life insurance contracts that will be due upon the death of the insureds. These reserves are used to report to all of the applicable agencies for the states in which Defendants conduct life insurance operations and upon information and belief are also used to offset taxable income.

32. With the assistance of their staff of actuaries and other life insurance experts, Defendants should be required by the Court to, at least annually, make the necessary calculations and inquiries to determine the actual instances of deaths of their insureds, the Class Members.

33. Mutual is, and at all times relevant to this action has been, a mutual company. Because this action relates to the business practices and financial reporting of Defendant Mutual

which is, by definition, a mutual company, the members of the Class, as the owners, are affected by the facts stated hereinbefore and hereinafter.

34. As part of their contractual relationship and their duties of good faith and fair dealings, Defendants are obligated to adhere to all applicable laws, rules and regulations that proscribe mandatory life insurance company conduct. Those obligations include, but are not limited to, those rules and regulations promulgated in Ohio pursuant to Ohio Revised Code 3901.011 and Chapter 169 of the Ohio Revised Code; in New York by Directive issued on July 5, 2011 pursuant to Insurance Law §308; in Florida by Chapter 717, Florida Statutes and Fla. Admin. Code Chapter 619-20; and, in California pursuant to California Insurance Code sections 700, 717, 790.03, and 10172.5.

35. Upon information and belief, other reliable databases exist and together with the DMF are used by Defendants and other insurers to ensure, among other objectives, that their annuity recipients do not receive payments after death.

## CLASS ALLEGATIONS

36. The Ohio statute of limitations applicable to the causes stated herein is Ohio Revised Code Section 2305.06 and, accordingly, the class period ("Class Period") is 15 years prior to the date of commencement of this action.

37. Plaintiff brings this action pursuant to Rules 23(A) and 23(B) of the Ohio Rules of Civil Procedure, on her own behalf and on behalf of a class of plaintiffs ("the Class") and a subclass ("Subclass 1"). The Class is defined as:

> Policyholders of life insurance policies, which 1) are currently in force or have been wrongfully cancelled by Mutual and/or Life prior to the payment of death benefits, 2) were held within the period commencing May 24, 1996 to the present, 3) were issued by Mutual and/or Life, 4) where the premiums were either a) paid up, or b) the accumulated cash value of the policy was used to make ongoing premium payments, and 5)

9

where the insureds' ages at any time during which the policies were in force actuarially indicated a 70% probability of death, or such lesser probability of death as the Court should order.

Subclass 1 is defined as:

Members of the Class defined above who are actually deceased, and for which no claim has been made on the policy for death benefits and for whom Mutual and/or Life is still holding the death benefit proceeds.

38. The Class Members are so numerous that joinder is impracticable.

39. There are questions of law and fact common to the Class Members, which common questions predominate over any questions that affect only individual Class Members. The predominant common questions are:

   a. Whether Defendants failed to properly distribute policy funds to payees or beneficiaries of members of the Class;
   b. Whether Defendants must annually, or more frequently, determine whether an insured is alive, after the insured achieves a certain assumed age;
   c. Whether, if Defendants are so obligated, what is that assumed age and percentage of probability;
   d. Whether Defendants have a duty to reasonably, and at least annually, specifically inquire as to the death of their insureds whenever there exists a greater than 70% probability of death, or such lesser probability of death as the Court should order;
   e. Whether, if a Class Member is, by applicable actuarial and mortality standards, calculated to be among those who are deceased and reasonable inquiry would conclude that to be the case, Defendants hold all such funds in trust;
   f. Whether interest owing on such funds, held in trust for the Class members, should be calculated at the highest marginal rate of interest earned by Defendants during each year of the Class Period;
   g. Whether the Class Members are entitled to Mandatory Injunctive Relief;
   h. Whether the Class Members are entitled to Declaratory Judgment; and,
   i. Whether this matter is properly maintained by the Class Representative as a nationwide class based upon the fact that Defendants obligatory conduct is and has been as required by Ohio laws.

40. The claims of Plaintiff are typical of the claims of her Class Members. All claims

are based on the same facts and the same legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class Members. Plaintiff has retained counsel experienced in class action cases.

42. The primary relief presently sought by Plaintiff for herself and the Class are to secure Declaratory Judgment and Mandatory Injunctive Relief, as hereinafter set forth, and only thereafter to secure the monetary reliefs sought herein.

43. A class action is superior to other alternative methods of adjudicating this dispute. Plaintiff for herself and the Class Members seeks Mandatory Injunctive Relief and Declaratory Judgment that will apply to and benefit thousands, if not millions of Class Members. By definition, many Class Members and their beneficiaries and payees do not and cannot realize that they are and have been owed monies by Defendants.

## COUNT I
## FOR MANDATORY INJUNCTIVE RELIEF

44. Plaintiff repeats and incorporates herein all previously well plead averments.

45. Plaintiff brings this count individually and on behalf of the members of the Class who, like Plaintiff, have reached the age that actuarially indicates a high likelihood of death, herein assumed for this initial pleading purpose, to be greater than 70%, but who, nevertheless, are still alive, and also on behalf of those Class Members who are deceased and as to whom the proceeds of life insurance owing by Defendants remains unpaid.

46. Plaintiff seeks Mandatory Injunctive Relief *Ordering* that Defendants, at a mortality probability of greater than 70%, or such lesser probability of death as this Court should order, and on a frequency of no less than annually, make reasonable inquiry to determine the life-status of Class Members.

**COUNT II**
**FOR DECLARATORY JUDGMENT**

47. Plaintiff repeats and incorporates herein all previously well plead averments.

48. Plaintiff brings this count individually and on behalf of the members of the Class who, like Plaintiff, have reached the age that actuarially indicates a high likelihood of death but are still alive, and on behalf of those policyholders who are deceased and as to whom the proceeds of life insurance remain unpaid.

49. Plaintiff seeks Declaratory Judgment pursuant to Ohio Revised Code Chapter 2721 that Defendants must: (a) on a frequency of no less than annually, determine which of the Class Members are deceased, and, (b) pay the proceeds of the insurance contract, without first requiring further notice of death, together with that rate of interest that the Court may determine, to the beneficiaries/payees of those Class Members who are deceased.

**COUNT III**
**FAILURE TO ACT IN GOOD FAITH AND TO ENGAGE IN FAIR DEALINGS**

50. Plaintiff repeats and incorporates herein all previously well plead averments.

51. A unique relationship exists between Defendants and the Class Members through their contracts for life insurance. This relationship creates a positive legal duty to act in good faith and to engage in fair dealings as to all aspects of the contract and of the relationships of Defendants to Plaintiff and to her Class Members.

52. Defendants have breached and continue to breach their duties of good faith and fair dealings when they have failed to pay benefits that became due upon deaths of Class Members that could have been ascertained upon ordinary effort, and when they failed to make such determinations of actual deaths on at least an annual basis.

53. The failure of Defendants to make reasonable inquiry of death where there exists

12

a greater than 70% probability (or such lesser probability of death as the Court should order) that its insureds are deceased constitutes a breach of the duties of good faith and fair dealings.

54. Defendants breached and continue to breach their duties when they failed and continue to fail to determine, on no less than an annual basis, reasonable ages predicting presumed deaths.

55. As a result, the failures to determine actual deaths, even those for whom no proof of loss was provided, have caused funds to be withheld without justification by Defendants when those funds should have been paid to the beneficiaries or payees of the Class Members.

56. These funds wrongfully withheld from the Class Members, within the Class Period are held by Defendants, in trust.

57. As a result of the breaches as herein alleged, Plaintiff and the Class Members are entitled to damages in an amount equal to the unpaid proceeds, plus appropriate interest, reasonable fees and expenses, and such other and further relief as may be equitable.

### COUNT IV
### UNJUST ENRICHMENT

58. Plaintiff repeats and incorporates herein all previously well plead averments.

59. Defendants failed to make a reasonable inquiry of death where there exists and/or existed a greater than 70% probability (or such lesser probability of death as the Court should determine) that their insureds were deceased, and therefore, they have caused funds to be held by Defendants which should have been paid out as proceeds of the insurance contracts to or for the Class Members' beneficiaries or payees.

60. By their failures to pay the proceeds of the insurance contracts, Defendants wrongfully retained the proceeds that were owing to the Class Members' beneficiaries or payees.

61. By not determining the actual deaths of the Class Members, Defendants

wrongfully retained all such proceeds and by thereby failing to pay out death benefits that were owing, Defendants were unjustly enriched.

62. Defendants have been unjustly enriched at the Class Members' expense. Accordingly, Defendants hold all such funds in trust for the benefit of the Class Members.

63. Defendants are obligated to those Class Members who are deceased and their beneficiaries and/or payees for insurance proceeds, interest at the appropriate rate of interest, fees and expenses, and for such other and further relief as may be equitable.

## **PRAYER FOR RELIEF**

Plaintiff Donna Stevenson prays that this Court grant the following relief in favor of Plaintiff and her Class Members against Defendants:

1. Grant Mandatory Injunctive Relief ordering that Defendants: (a) at a mortality probability of greater than 70%, or such lesser probability of death as this Court should determine, and on a frequency of no less than annually, make reasonable inquiry to determine the life-status of Class Members; (b) pay all death proceeds owing upon the deaths of Class Members at the Court-determined appropriate rate of interest from the date of actual death; and, (c) to do so regardless of a proof of loss or other required claim.

2. Grant Declaratory Judgment Relief, pursuant to Ohio Revised Code Chapter 2721, ordering that Defendants have a duty: (a) to make the necessary calculations, on a frequency no less than annually, to determine which of the Class Members are deceased; and, (b) to pay the proceeds of the insurance contracts for deceased Class Members without any further notice of death or proof of loss claim, together with the appropriate calculation of damages arising out of the retention of those funds;

3. Enter judgment in favor of Plaintiff and the members of her Class against

Defendants for actual damages, punitive damages, costs, reasonable attorneys' fees, and for pre and post judgment interest at the highest rate that Defendants have historically enjoyed;

    4.     Certify this matter as a class action and enter judgment in favor of the Class Members against Defendants for actual damages, punitive damages, costs, reasonable attorneys fees, and appropriate interest; and,

    5.     Grant such and further relief as may be equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all such matters as may properly be submitted to a jury.

           */s/ Margaret M. Murray*_____
           Dennis E. Murray, Sr. (0008783)
           John T. Murray (0008793)
           Dennis E. Murray, Jr. (0038509)
           Margaret M. Murray (0066633)
           Leslie O. Murray (0081496)
           Florence J. Murray (0080292)
           Donna A. Evans (0072306)
           Amanda L. Aquino (0084902)
           MURRAY & MURRAY CO., L.P.A.
           111 E. Shoreline Drive
           Sandusky, Ohio  44870
           Telephone:  (419) 624-3000
           Facsimile:    (419) 624-0707
           Email:  dms@murrayandmurray.com
                   jotm@murrayandmurray.com
                   dmj@murrayandmurray.com
                   mmm@murrayandmurray.com
                   lom@murrayandmurray.com
                   fjm@murrayandmurray.com
                   dae@murrayandmurray.com
                   amanda.aquino@murrayandmurray.com

           J.M. Kelley III (0061990)
           Arthur M. Elk (0031222)
           David J. Elk (0000789)
           Peter D. Traska (0079036)
           ELK & ELK Co., Ltd.

       6105 Parkland Blvd.
       Mayfield Heights, Ohio 44124
       Telephone:  (440) 442-6677
       Facsimile:  (877) 355-1355
       Email: jkelley@elkandelk.com
              aelk@elkandelk.com
              delk@elkandelk.com
              ptraska@elkandelk.com

       Hunter J. Shkolnik (NY Bar No. 2031458)
       Admitted Pro Hac Vice
       Napoli Bern Ripka Shkolnik LLP
       350 5th Avenue, Suite 7413
       New York, New York 10118
       Telephone: (212) 267-3700
       Facsimile:  (212) 587-0031
       Email:  hunter@NapoliBern.com

       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was filed electronically on October 18, 2011.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

       */s/ Margaret M. Murray*_____
       Margaret M. Murray (0066633)
       mmm@murrayandmurray.com
       MURRAY & MURRAY CO., L.P.A.

       Attorney for Plaintiff